**The document below is hereby signed.**

**Dated: June 18, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 11-00747 |
| GARY STANCIL, | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| GARY STANCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10006 |
| BRADLEY INVESTMENTS, LLC, *et al.*, | ) | |
| | ) | |
| | ) | For publication in West's |
| Defendants. | ) | Bankruptcy Reporter. |

MEMORANDUM DECISION RE
<u>MOTION OF 12TH STREET REAL ESTATE, LLC TO DISMISS</u>

As of the start of the day of June 17, 2011, Gary Stancil and his mother, Delores Stancil, owned property located on 12th Street, NW, Washington, D.C. Gary Stancil, as the debtor in possession in a bankruptcy case under chapter 11 of the Bankruptcy Code (11 U.S.C.), Case No. 11-00747, has filed a *Complaint to Compel Turnover of Real Property as Result of*

*Willful Violation of the Automatic Stay, Breach of Fiduciary Duty and Sanctions* alleging that a foreclosure sale of the property conducted during the pendency of an earlier bankruptcy case violated the automatic stay of section 362(a) of the Bankruptcy Code (11 U.S.C.), and seeking a turnover of the property. One of the defendants, 12th Street Real Estate, LLC, the purchaser at the foreclosure sale, has moved to dismiss on these grounds:

> (1) the automatic stay was not in effect at the time of the foreclosure sale because the bankruptcy case was an unauthorized joint filing by Gary Stancil and his mother, Delores Stancil, and because the foreclosure sale occurred before Delores Stancil was dismissed from the unauthorized joint filing;
>
> (2) the turnover provisions set forth in 11 U.S.C. § 542 do not apply to assets whose title is in dispute; and
>
> (3) the complaint fails to contain any factual allegation that the subject property, if turned over to Gary Stancil, is not "of inconsequential value or benefit to the estate" pursuant to 11 U.S.C. § 542.

The motion will be denied for the following reasons.

I

The complaint establishes these facts. On June 17, 2011 at 9:29 a.m., Gary Stancil and Delores filed a petition under chapter 13 of the Bankruptcy Code naming themselves as debtors

and signed by each of them.  The joint petition was docketed as Case No. 11-00465.  Later that day, the foreclosure sale occurred, and 12th Street purchased the property at the foreclosure sale.  Still later that day, the court dismissed the case as to Delores Stancil because she was ineligible to file a bankruptcy case as a result of an order entered on March 7, 2011, in her earlier bankruptcy case, Case No. 11-00097, that dismissed that earlier case with prejudice for 180 days.

II

For the following reasons, I reject 12th Street Real Estate, LLC's argument that because the bankruptcy case was an unauthorized joint filing by Gary Stancil and his mother, Delores Stancil, and because the foreclosure sale occurred before Delores Stancil was dismissed from the unauthorized joint filing, no automatic stay was in effect at the time of the foreclosure sale.

Permitting the filing by spouses of a joint petition pursuant to 11 U.S.C. § 302 is designed to reduce the cost of administration and to permit only one filing fee.  *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994).  A joint petition results automatically in joint administration (without the necessity of a motion under Fed. R. Bankr. P. 1015) by one trustee, and allows for a single docket by the clerk.  *Id.*

Entities that are not spouses are *not* entitled to obtain joint administration by filing a single petition.  Nevertheless,

when such entities file a single petition listing each as a debtor, with each of them signing the petition, they evidence an intention to commence a bankruptcy case as to each entity.[1] The better view is that a bankruptcy case *is* commenced as to each such entity under 11 U.S.C. § 301, albeit with the entities treated as having improperly joined together in the same petition. *See In re Wilkerson*, 2006 WL 3694638, *3 (Bankr. M.D. Ga. Mar. 29, 2006) (improper joint petition by individuals eligible to be debtors is a case of misjoinder, not a case of a jurisdictionally defective petition).[2] Unless the court decides to dismiss the cases, the appropriate remedy to address the improper joinder is to sever the cases. *Id.*[3] To elaborate, filing two bankruptcy cases using a single petition is inappropriate, but not jurisdictionally fatal, if the debtors are

---

[1] If it is evident that the entities are *not* spouses, as in the case of a petition for John Doe and X Corporation, the entities are not allowed to pay but one filing fee. If the petition is unaccompanied by a filing fee for each entity, the clerk arguably could properly refuse to accept the petition for filing. *See* Fed. R. Bankr. P. 1006. But once a petition presented by non-spouses is accepted for filing, the petition is a filed petition, and the issue is how then to treat the petition.

[2] *See also In re Moore*, 73 B.R. 607, 609 (Bankr. N.D. Ala. 1987) (case not dismissed based on corporation and individual having filed single petition as debtors under Chapter 12 of Bankruptcy Code).

[3] *See also In re Jackson*, 28 B.R. 559, 564 (Bankr. E.D. Pa. 1983) (petition filed by Walter Jackson and his parents treated as a joint filing by the parents and an individual filing by Walter).

not spouses.[4]  Such a petition must be treated as commencing separate cases limited to one entity for each such case, with a filing fee to be paid for each case, and with the cases *not* jointly administered unless the court later orders such joint administration.

Earlier decisions than *In re Wilkerson* gave non-spouses who filed on the same petition the option of dismissing one of the debtors or face dismissal of the entire case.  *See Bone v. Allen (In re Allen)*, 186 B.R. 769, 774 (Bankr. N.D. Ga. 1995); *In re Lam*, 98 B.R. 965, 966 (Bankr. W.D. Mo. 1988); *In re Malone*, 50 B.R. 2, 3 (E.D. Mich. 1985).  The better course, as in *In re Wilkerson*, is to treat the petition as opening two separate cases (one for each debtor), as the earlier approach deprives at least one of the debtors of having a case remain pending as to that debtor.  Nevertheless, those earlier decisions illustrate, as does *In re Wilkerson*, that a bankruptcy case has been commenced

---

[4] Under *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006), a statutory requirement should be treated as subject-matter jurisdictional only when Congress evinces a clear intent to make it so.  With respect to the analogous question of whether the requirements of 11 U.S.C. § 303(b) are jurisdictional, the better view is that they are not.  *See*, *e.g.*, *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 190 (5th Cir. 1983) (impropriety of *involuntary* petition regarding two spouses can be cured by severance or by dismissal of one spouse); *In re Bowshier*, 313 B.R. 232, 238 (Bankr. S.D. Ohio 2004); Rachel Green, *Treating Section 303(b) of the Bankruptcy Code as Subject-Matter Jurisdictional - Sound Approach or Involuntary Reflex?*, 75 BROOK. L. REV. 865, 904 (2010) (concluding based on *Arbaugh* that § 303(b) is not jurisdictional).

as to each debtor even though the petition was an improper attempt at joining non-spouses as debtors in a single case.  Even if the case is dismissed as to one of the debtors, nevertheless the automatic stay and other incidents of a bankruptcy case arose as to each debtor by reason of the filing of the case, and, for the remaining debtor, those incidents were continuously in place after the commencement of the case.  *See In re Lucero*, 408 B.R. 348, 351 (Bankr. C.D. Cal. 2009) (allowing the case to remain pending as to one of the debtors, after the other had requested to be dismissed from the case, and noting that if the entire case were dismissed, preference or fraudulent transfer claims might no longer be available by the time a new case was filed).[5]

Yet another approach for addressing a petition filed by non-spouse debtors, followed only by *Fitzgerald v. Hudson (In re Clem)*, 29 B.R. 3, 5 (Bankr. D. Idaho 1982), is to treat the first listed debtor as having commenced a bankruptcy case without the other debtor having commenced a bankruptcy case.  I reject that approach because both debtors evidence an intention to commence a

---

[5] The court in *In re Lucero* opined in what was necessarily dictum (because the issue was not before it) that upon dismissing only one of the debtors, Ms. Aguirre, from the case, the case would still be pending, and thus not be a dismissed case for purposes of 11 U.S.C. § 362(c)(3) if Ms. Aguirre were to file a new case.  That dictum does not square with this court's view that a petition for two non-spouses creates two separate bankruptcy cases, with a filing fee owed for each case.  Necessarily, when one of the debtors is dismissed from the case that can be viewed as a dismissal of that entity's bankruptcy case.

6

bankruptcy case when they file such a petition.[6]  In any event, Gary Stancil was the first listed debtor in this case.

As an alternative remedy to address a petition filed by non-spouses, the court has discretion to dismiss the cases.  *See In re 4-1-1 Fla. Ga., L.P.*, 125 B.R. 565, 566 (Bankr. W.D. Mo. 1991) (case dismissed when at least four separate and distinct partnerships improperly joined together in one petition, and filed in a district that would not be "the venue of choice" if they filed separate petitions); *In re Jephunneh Lawrence & Assocs. Chartered*, 63 B.R. 318 (Bankr. D.D.C. 1986) (petition filed for an individual and a corporation).[7]  The discretion to dismiss the cases, however, does not demonstrate that an automatic stay does not arise as to the debtors upon the filing of the petition.  In appropriate circumstances, the court could

---

[6] Nevertheless, the rule against non-spouses filing a joint petition has appropriately been used as an aid in addressing an ambiguity raised by a petition filed for an individual listed in the petition as trustee of trusts, and to conclude that the petition was a filing only of the individual, and only *his* assets are property of the estate.  *See In re Simon*, 179 B.R. 1, 6 (Bankr. D. Mass. 1995) (addressing petition filed as *In re Matthew Simon, Individually, and as Trustee of the 466 Broadway Trust, and Trustee of the 616 Realty Trust*).

[7] To the extent that *In re Jephunneh Lawrency & Assocs. Chartered* viewed the petition as "irremediably defective," it disregarded the remedy of severing the petition into two separate cases, and is unpersuasive.

annul the stay under 11 U.S.C. § 362(d),[8] but unless that is done the automatic stay ought to be viewed as having arisen in the case.  Here, the court opted not to dismiss the entire case as based on an improper joinder of non-spouses on a single petition, but even if the court had dismissed the entire case on that basis, an automatic stay would have been in place as to Gary Stancil until the dismissal order was entered.

The *In re Wilkerson* approach of severing the petition would usually result in the court directing the clerk to open a second docket as to one of the debtors and to treat the first docket opened as limited to the other debtor, but with both of the cases deemed commenced as of the date of the filing of the petition.  Here, however, Mrs. Stancil was barred from commencing a bankruptcy case, and the court dispensed with opening a separate docket as to her, and simply dismissed her as having been barred

---

[8] In effect, that was what the court in *Norris v. Norris*, 1994 WL 529405 (Tenn. Ct. App. Sept. 15, 1994), did by treating a petition, fraudulently filed as a joint petition, as not giving rise to an automatic stay.  A state court, however, lacks authority to annul the automatic stay, and it is dubious that a state court has authority to decree that no automatic stay arose from such a petition.  In any event, Gary Stancil and Delores Stancil did not indicate that they were spouses (having failed to list either of them as a debtor under the box for "Name of Joint Debtor (Spouse)" and having listed themselves together above the box for "Name of Debtor.")  There is no suggestion that Gary Stancil and Delores Stancil were committing a fraud by filing a single petition as to the two of them.

from filing a petition.[9]  That left the case pending as to only Gary Stancil.

Although Delores Stancil was not dismissed from the case until after the foreclosure sale had been held, the case was pending as to Gary Stancil when the foreclosure sale was held, and an automatic stay had arisen in *his* case that barred the foreclosure sale.[10]  The complaint cannot be dismissed on the basis that no automatic stay arose in the bankruptcy case.

III

In support of its argument that the turnover provisions set forth in 11 U.S.C. § 542 do not apply to assets whose title is in dispute, 12th Street Real Estate, LLC observes that "the law is settled that 'the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose

---

[9] In hindsight, the court should have opened a separate docket for Mrs. Stancil, treating the case as to her as being commenced at the time of the filing of the original petition signed by her and her son.  Two filing fee obligations were incurred, one by Gary Stancil and one by Delores Stancil.  It is unclear who was the source of the one filing fee that *was* paid.  An order could have issued directing Gary Stancil and Delores Stancil to address that issue or suffer dismissal of the case as to both of them.  However, no case is pending now as to either debtor, dismissal having been on grounds other than the lack of a filing fee, and the failure to pay a filing fee can no longer serve as a basis for dismissal as there is no pending case to dismiss.  Nevertheless, the court will direct the two debtors to show cause why they ought not be each held jointly and severally liable to pay the unpaid filing fee.

[10] By reason of 11 U.S.C. § 362(b)(21), no stay had arisen in Delores Stancil's case commenced by the filing of her and Gary Stancil's petition.

9

title is in dispute.' *U.S. v. Inslaw, Inc.*, 932 F.2d 1467 (D.C. Cir. 1991)." Nonetheless, the dispute as to title to the assets must be "legitimate" or "bona fide" for a turnover action to be considered premature. *See Krasny v. Bagga (In re Jamuna Real Estate, LLC)*, 357 B.R. 324, 333-34 (Bankr. E.D. Pa. 2006) ("[T]urnover is not proper where a bona fide dispute exists."); *In re FLR Co.*, 58 B.R. 632, 634 (Bankr. W.D. Pa. 1985) ("Turnover, 11 U.S.C. § 542, is not the provision of the Code to determine the rights of the parties in legitimate contract disputes."); *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 760 (S.D.N.Y 1994) ("[A]n action should be regarded as a turnover only when there is no legitimate dispute over what is owed to the debtor.").

An act in violation of the automatic stay, however, is void, such that the foreclosure sale pursuant to which 12th Street Real Estate, LLC purchased the property is deemed not to have occurred. Accordingly, 12th Street Real Estate, LLC has no basis for asserting that it holds title to the property and, therefore, no legitimate dispute exists. *See Porter-Hayden Co. v. First State Mgmt. Grp., Inc. (In re Porter-Hayden Co.)*, 304 B.R. 725, 732 (Bankr. D. Md. 2004) ("[F]or an action to be a turnover proceeding, it is not relevant that the defendant disputes the existence of the debt by . . . denying the complaint's allegations, as long as those allegations state the existence of

a mature debt." (quoting *Nat'l Enters., Inc. v. The Koger P'ship, Ltd. (In re Nat'l Enters., Inc.)*, 128 B.R. 956, 959 (E.D. Va. 1991))). Even if it has an argument against that analysis, upon the court adjudicating that the automatic stay was violated and that the sale was void, the remedy of turnover will be appropriate. In any event, even if section 542(a) is unavailable as a remedy, the facts alleged establish a basis for recovery of possession of the property under D.C. Code § 16-1501. That suffices to defeat the motion to dismiss.[11]

IV

12th Street Real Estate, LLC further argues that the complaint fails to allege that the property is not of inconsequential value or benefit to the estate and, as a result,

---

[11] *See Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) ("'To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.1999))); *Rathborne v. Rathborne*, 683 F.2d 914, 917 n.8 (5th Cir. 1982) ("[A] complaint need not correctly categorize the legal theories giving rise to the claims; it must merely allege facts upon which relief can be granted."); *Peyton v. First Citizens Corp. (In re Veatch)*, 232 B.R. 346, 350 (Bankr. E.D. Va. 1999) ("In evaluating a motion to dismiss, the court should actively examine all of the facts alleged to determine whether any theory of recovery is possible and should not merely limit its inquiry to the claim as set forth by the plaintiff.")

11

does not state a claim for turnover under section 542(a).

Section 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The issue is whether establishing that the property is of inconsequential value or benefit to the estate is an affirmative defense or whether, as part of its prima facie case, the trustee (or debtor in possession) must set forth that the property is not of inconsequential value or benefit, an issue as to which courts do not agree. *Compare Desmond v. Baker (In re McDonnell)*, 2007 WL 1031300, *2 (Bankr. D. Mass. Mar. 30, 2007) (stating that proving that the property is of inconsequential value or benefit to the estate is an affirmative defense), *with Boyer v. Davis (In re U.S.A. Diversified Prods., Inc.)*, 193 B.R. 868, 872 (Bankr. N.D. Ind. 1995) (stating that the trustee carries the burden of proving that the property is not of inconsequential value or benefit to the estate).

The plain language of section 542(a) demonstrates that establishing inconsequential value or benefit to the estate is an affirmative defense to a turnover action. Section 542(a) first provides the elements the trustee must establish for turnover,

with the other party required to deliver the property (or the value of such property) to the trustee "*unless* such property is of inconsequential value or benefit to the estate." (Emphasis added). The term "unless" and its juxtaposition after the obligation to make turnover is stated clearly indicates that the showing of inconsequential value or benefit is a defense to a turnover action. 11 U.S.C. § 542(a).

In addition, in opposing the claim for turnover of property to the estate on the basis that the property is of inconsequential value or benefit to the estate, 12th Street Real Estate, LLC is inherently seeking abandonment of that property. The party seeking abandonment of property pursuant to 11 U.S.C. § 554 carries the burden of setting forth a prima facie case that the property is of inconsequential value and benefit to the estate.[12] *Mostoller v. Citicapital Commercial Corp. (In re Stetson & Assocs., Inc.)*, 330 B.R. 613, 624 (E.D. Tenn. 2005); *In re Vel Rey Properties, Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C.

---

[12] Section 554 provides in relevant part:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

13

1994); *In re Paolella*, 79 B.R. 607, 610 (Bankr. E.D. Pa. 1987). Therefore, it follows that in an action for turnover, a showing that the property is of inconsequential value or benefit to the estate is an affirmative defense.

Finally, even if it is the debtor's burden to establish as part of its prima facie case for turnover that the property is not of inconsequential value or benefit to the estate, the debtor, simply by bringing this adversary proceeding, has implicitly alleged that the property is not of inconsequential value or benefit to the estate.[13]

V

For all of these reasons, 12th Street Real Estate, LLC's motion to dismiss the complaint is denied. A separate order follows.

[Signed and dated above.]

Copies to: All counsel of record.

---

[13] Moreover, if section 542(a) is not an appropriate remedy, an action for recovery of possession of the property under D.C. Code § 16-501 is still an available remedy under state law. *See* n.11, *supra*.

14