**The document below is hereby signed.**

**Dated: July 24, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In a re                          )
                                 )
                                 )    Case No. 11-00747
GARY STANCIL,                    )    (Chapter 11)
                                 )
         Debtor.                 )
_____  )
                                 )
                                 )
GARY STANCIL,                    )
                                 )
         Plaintiff,              )
                                 )
         v.                      )    Adversary Proceeding No.
                                 )    12-10006
BRADLEY INVESTMENTS, LLC, *et*   )    Not for publication in
*al.*,                           )    West's Bankruptcy Reporter
                                 )
         Defendants.             )

MEMORANDUM DECISION AND ORDER DENYING
MOTION OF GREG S. FRIEDMAN AND SUSAN H. FRIEDMAN TO DISMISS

Greg S. Friedman and Susan H. Friedman have moved for dismissal of this adversary proceeding.

I

The Friedmans advance, first, arguments that 12th Street Real Estate, LLC advanced.  I reject the arguments for the same reasons set forth in the *Memorandum Decision Re Motion of 12th*

*Street Real Estate, LLC to Dismiss*.

II

The Friedmans further contend that an order directing 12th Street Real Estate, LLC to return possession to the debtor would be inappropriate because the debtor owns only a 50% interest in the real property, with Mrs. Stancil (the debtor's mother) owning the remaining 50% interest.  The request for entry of that order does not seek an order divesting Mrs. Stancil of her right of possession pursuant to her 50% interest.  It only seeks to rid 12th Street Real Estate, LLC of possession if it has no right of possession, and to restore the debtor to the right of possession that he enjoys as a co-owner.  Accordingly, the Friedmans' argument must fail.

To elaborate, the Friedmans do not contend that, if the foreclosure sale was void as to the debtor's 50% interest, the sale could be upheld with respect to Mrs. Stancil's 50% interest. The purchaser, 12th Street Real Estate, LLC, made a purchase at a single sale of the entire property, not a purchase at a sale of the debtor's 50% interest and a separate sale of Mrs. Stancil's 50% interest.  Even if District of Columbia law would permit the sale to be restructured as a sale of only Mrs. Stancil's 50% interest (an issue the Friedmans have not briefed), any such restructuring would require the consent of 12th Street Real Estate, LLC who thought it was acquiring the entire property.  At

2

this juncture, 12th Street Real Estate, LLC has not sought to argue that it should be allowed to retain Mrs. Stancil's one-half interest (if the sale was void as to the debtor's 50% interest), and presumably has no desire to have the sale upheld as to only Mrs. Stancil's one-half interest.  Without 12th Street Real Estate, LLC having argued that it will retain a 50% interest in the property even if the sale was void as to the debtor's 50% interest, the Friedmans cannot advance that argument.

      To elaborate further, if the sale is invalid in its entirety, the following ensues.  The purchaser, 12th Street Real Estate, LLC, has no right to possess the property.  As a co-owner of the property with his mother, the debtor is entitled to possession of the property with his mother.  An order for a return of possession to the debtor would not be an order divesting 12th Street Real Estate, LLC of any right of possession, nor would it divest Mrs. Stancil of her right of possession.  The order would only enforce the debtor's right of possession as a co-owner and his right to oust a non-co-owner of possession.

III

      To the extent that the Friedmans are arguing that the debtor's 50% ownership interest only gives him standing to invalidate the sale as to his 50% ownership interest, that argument must fail.  The debtor is entitled to divest 12th Street

3

Real Estate, LLC of possession only if 12th Street Real Estate, LLC did not acquire Mrs. Stancil's 50% interest in the property. The debtor has an obvious stake in divesting an unfriendly party, 12th Street Real Estate, LLC, of possession and in restoring himself to a right of possession with his mother.

IV

The Friedmans argue:

> Plaintiff may have obtained his fifty percent (50%) interest in the Property without consideration in a ruse designed to avoid claims against his father, Rufus Stancil, who previously had been on title with Delores.

That, however, is an issue to be pursued by Rufus Stancil's creditors.  So long as the conveyance to Gary Stancil has not been set aside on behalf of Rufus Stancil's creditors, Gary Stancil has owned a 50% interest in the property, and is entitled to set aside a void foreclosure sale.

V

Finally, the Friedmans argue:

> as Defendants have satisfied greater than $50,000 of District of Columbia tax and water/sewer liens which encumbered the Property at the time of the foreclosure sale, an order to turn over even a fifty percent (50%) interest in the Property would unjustly enrich Debtor and the Estate and cause irreparable financial damage to the Defendants.

This argument is not based on any allegation of the complaint and accordingly forms no basis for moving to dismiss the complaint for failure to state a claim upon which relief can be granted.

4

VII

In accordance with the foregoing, it is

ORDERED that the motion of Greg S. Friedman and Susan H. Friedman to dismiss is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.

5