The document below is hereby signed.

Signed: April 19, 2013



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GARY STANCIL, | ) | Case No. 11-00747 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GARY STANCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10006 |
| BRADLEY INVESTMENTS, LLC, *et al.*, | ) | |
| | ) | |
| | ) | **Not for Publication in** |
| Defendants. | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION
RE PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

In his *Renewed Motion for Summary Judgment*, the plaintiff,

Gary Stancil, renews his motion for summary judgment as to

defendant National REO Auctions, Inc. ("REO").  REO conducted the

foreclosure sale of property located at 12th Street, N.E.,

Washington, D.C. (the "Property"), which Gary Stancil and his

mother, Delores Stancil, allege that they owned.

Gary Stancil has moved for summary judgment on Count I of

his complaint pursuant to which he seeks monetary sanctions
against REO for willful violation of the automatic stay.  This
court previously granted summary judgment on Count I of the
complaint against the defendants Greg Friedman (the noteholder)
and Susan Friedman (the trustee under the deed of trust), but did
not grant summary judgment as to REO because the plaintiff did
not attach to his motion the Request for Admissions that was
served on REO and to which REO failed to respond.  As a result,
the court could not determine whether REO could be deemed to have
admitted that it had notice of the bankruptcy filing at the time
of the foreclosure sale.

REO's opposition to the motion for summary judgment raises
two arguments.  First, it asserts that Gary Stancil and Delores
Stancil did not have title to the Property at the time of the
foreclosure sale.  Second, REO argues that it proceeded with the
foreclosure sale on the advice of Greg Friedman that "the
petition was being dismissed as *void ab initio*[.]"  Defendant's
Opposition ¶ 6.

I. Summary Judgment Standard

Summary judgment may be granted only "if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R. Civ.
P. 56.  On summary judgment, "the inferences to be drawn from the
underlying facts . . . must be viewed in the light most favorable

to the party opposing the motion."  *Matsushita Elec. Indus. Co.
Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,
1356 89 L. Ed. 2d 538 (1986) (quoting *United States v. Diebold,
Inc.*, 369 U.S. 654, 655 (1962)).  "A dispute over a material fact
is 'genuine' if 'the evidence is such that a reasonable jury
could return a verdict for the nonmoving party.'"  *Arrington v.
United States*, 473 F.3d 329, 333 (D.C. Cir. 2006) (quoting
*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct.
2505, 91 L. Ed. 2d 202 (1986)).  A fact is "material" if it might
affect the outcome of the suit under the substantive governing
law.  *Id.*  To create an issue of material fact, the nonmoving
party's factual assertion must be supported by the record.  *See
Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 579 F. Supp. 2d 89, 92
(D.D.C. 2008) ("'factual assertions' that are unsupported by
citations to accurate record evidence are insufficient to create
issues of material fact.").

## II. Title to the Property

REO argues in its Opposition that Gary Stancil did not have
title to the Property at the time of the foreclosure sale.  If
the Stancils no longer owned the Property, then the enforcement
of the lien arguably did not violate the automatic stay as it was
merely enforcement of a lien (not a personal obligation) against
non-estate property.  REO explains:

> Subsequent to the foreclosure sale, it was discovered
> that the real estate taxes levied on the subject property

3

had not been paid by the Stancils and, in fact, title to the property was in the name of Sunrise Atlantic L.L.C., hereinafter referred to as Sunrise. Sunrise filed suit in D.C. Superior Court to quiet title following the purchase of a tax certificate for the property that is the subject of this adversary proceeding (lot 0051 in square 3876). Defendants in the D.C. Superior Court suit were: Debtor Gary Stancil, along with Debtor's mother Delores Stancil, Debtor's father Rufus Stancil, Albert Stancil, Atlantic Capital Funding Corporation and the District of Columbia.

Opposition ¶ 8.  REO states that on November 12, 2004, the District of Columbia Superior Court declared that Sunrise Atlantic L.L.C. had fee simple title to the property at 3002 12th Street, N.E., Washington, D.C., which is the property at issue here.  *Id.*

In his response, Stancil effectively admits that Sunrise Atlantic L.L.C., or at least some other entity, did have title to the Property at some point, stating that:

> subsequent to the November 2004 Superior Court order upon which National REO relies to deny title, title to the Property was **re-vested** in Plaintiff, as demonstrated unequivocally by the Exhibits attached to the Renewed Motion (and unrefuted by anything offered by National REO by way of evidence or argument). Those Exhibits include (as Exhibit 1) a September 2005 deed from Heartland [sic] 88, LLC, to Rufus and Gary Stancil. Further, Plaintiff's title report, also attached as an Exhibit (first page of Exhibit 1), reports that, at the time of the contemptuous foreclosure, Gary Stancil was a record owner of the Property. Further still, the notice of the foreclosure issued by National REO identifies the "owners" of the Property as Rufus, Delores and Gary Stancil[.]

Reply ¶ 4 (emphasis added).  However, the title report upon which Stancil relies to show that title has re-vested in him is inadmissible as hearsay.  The deed is insufficient to prove

4

title, because there is no evidence that Heartwood 88, LLC owned the Property and thus conveyed good title to the Stancils. Finally, the notice of the foreclosure sale simply sets forth the "owners" that the mortgagee instructed the auctioneer to include in the notice; it does not prove title to the Property.  As a result, Stancil has not met his burden of showing that there is no genuine dispute as to title to the Property.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (on a motion for summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact); *see also Gray v. Greyhound Lines, East*, 545 F.2d 169, 174 (D.C. Cir. 1976) ("Until the movant has met its burden, the opponent of a summary judgment motion is under no obligation to present any evidence.").

The court will reserve the issue of title to the Property for trial. However, for the reasons that follow, should Stancil show that he does own the Property, then Stancil will be entitled to summary judgment on Count I of his complaint with respect to REO.

### III. Background

On September 1, 2005, Rufus and Delores Stancil, and their son, Gary Stancil, borrowed $280,000 from Greg S. Friedman as trustee for a group of investors (the "Lien Holders"), pursuant to a promissory note.  Greg Friedman retained Susan Friedman and

Martin Frome, who has since passed away.  Susan Friedman was the

trustee under the deed of trust and Greg Friedman was the

noteholder.  The promissory note was secured by a deed of trust.

The Stancils pledged two properties as collateral in the deed of

trust, one of which is the Property (the 12th Street, N.E.

property) at issue in this proceeding.

The Stancils defaulted under the note and the trustees

scheduled a foreclosure sale for June 17, 2011.  Plaintiff's St.

¶ 3 & Ex. 2.  On June 17, 2011, at 9:29 a.m., Gary Stancil and

Delores Stancil filed a joint petition under Chapter 13 of the

Bankruptcy Code (11 U.S.C.).  *See* Case No. 11-00465.  Shortly

before the scheduled foreclosure sale, "an unidentified person"

called and notified the auctioneer, National REO Auctions, Inc.,

of the filing of the bankruptcy petition.  Affidavit of Douglas

K. Goldsten ¶ 4.  At some point later that day, the foreclosure

sale occurred and 12th Street purchased the property.

Plaintiff's St. ¶ 6.  Also at some point later that day, the

court dismissed the bankruptcy case as to Delores Stancil (Case

No. 11-00465, Dkt. No. 2), because she was ineligible to file a

bankruptcy petition at that time pursuant to an earlier order of

this court in a different bankruptcy case (Case No. 11-00097,

Dkt. No. 14), and also because a mother and a son may not file a

joint petition.

Gary Stancil had not obtained prepetition credit counseling

before filing the petition, and the court directed him to show

cause why his case ought not be dismissed.  Six days after the

foreclosure sale, on June 23, 2011, the court dismissed Gary's

case because he had not obtained the required prepetition credit

counseling.  *See* Case No. 11-00465, Dkt. No. 22.

IV. REO's Notice of the Bankruptcy Case

It is undisputed that REO had notice of Gary Stancil's

bankruptcy case at the time of the foreclosure sale.  Stancil's

motion for summary judgment states that REO's Request for

Admissions is attached as Exhibit 7, and he relies on this

document to show that REO had notice of the bankruptcy case.

However, Exhibit 7 to the Renewed Motion for Summary Judgment is

titled "Plaintiff's First Set of Request for Admission to

Defendant National REO Auctions, Inc.," but then the body of the

document states: "Plaintiff, Gary Stancil . . . serves the

following Request for Admission on the Defendant **Bradley**

**Investments, LLC**."  (Emphasis added).  Therefore, it is not clear

that Exhibit 7 adequately shows that REO had notice of the

bankruptcy filing.

Nevertheless, the court does not need to rely on Exhibit 7,

because REO admits in its Opposition and in the accompanying

affidavit that it had notice of the commencement of Stancil's

bankruptcy case at the time of the foreclosure sale:

> At the time and on the date set for the foreclosure
> sale, a unidentified person called the REO office
> to say that a bankruptcy petition had been filed
> pertaining to the subject property located at
> 3000-3002 12th Street, N.E., Washington, D.C.

Opposition ¶ 3.  The President of National REO Auctions, Inc.,

Douglas K. Goldsten, who conducted the foreclosure sale, states

in his affidavit that:

> On June 17, 2011, immediately prior to the time set
> for the foreclosure, my assistant ran into the
> auction room and told me that he had just received
> a phone call from an unidentified person who seemed
> to be saying that the owner of the subject property
> had filed a bankruptcy petition.

Affidavit of Douglas K. Goldsten at ¶ 4 (Dkt. No. 128).  *See also*

*id.*, at ¶ 6 (acknowledging that Mr. Friedman then made inquiries

and informed Goldsten that the petition had been filed by Gary

Stancil and Delores Stancil).  Therefore, REO knew of the filing

of Stancil's bankruptcy petition at the time REO conducted the

foreclosure sale.

V. 11 U.S.C. § 362(k)

The plaintiff seeks summary judgment on its claim for

monetary sanctions under 11 U.S.C. § 362(k)(1) which

provides, with an exception that is not relevant here, that:

> [A]n individual injured by any willful violation of
> a stay provided by this section shall recover
> actual damages, including costs and attorneys'
> fees, and, in appropriate circumstances, may
> recover punitive damages.

8

11 U.S.C. § 362(k)(1).  This court has already established that

the automatic stay was in effect at the time of the foreclosure

sale, even though the bankruptcy case was commenced by the filing

of an unauthorized joint petition by Gary Stancil and Delores

Stancil.  I explained:

> Here, the automatic stay did not arise in Delores
> Stancil's case pursuant to 11 U.S.C. § 362(b)(21).
> Nevertheless, the automatic stay arose as to Gary Stancil
> when he filed the joint petition with his mother.
> Accordingly, the automatic stay was in effect at the time
> of the foreclosure sale even though the bankruptcy case
> was commenced by the filing of an unauthorized joint
> petition by Gary Stancil and Delores Stancil.

*Memorandum Decision re Cross-Motions for Summary Judgment,* at 8.

This court further found that the mortgagee's act of enforcing

the lien on the Property was a void act, because it was taken in

violation of the automatic stay.  *Id.* at 8-9.  Consequently, the

foreclosure sale is void.

REO argues that it did not willfully violate the automatic

stay because the auctioneer at the foreclosure sale, Mr.

Goldsten, is not an attorney and is not familiar with bankruptcy

issues, and because he relied on Mr. Friedman's instructions.

Opposition ¶ 5.  In his affidavit, Mr. Goldsten states that he

"relied on Mr. Friedman to ascertain whether the sale could

proceed."  Affidavit ¶ 8.

The auctioneer's reliance on the advice of Mr. Friedman

bears on REO's good faith.  In particular, it relates to whether

REO specifically intended to violate the automatic stay.

However, as this court explained in the *Memorandum Decision re Cross-Motions for Summary Judgment*, good faith is not a defense to 11 U.S.C. § 362(k) liability:

> Comparing § 362(k) to civil contempt law strengthens the conclusion that lack of a specific intent to violate the stay is not a defense to § 362(k) liability.  Section 362(k) is a parallel remedy to civil contempt, with the added ability to recover punitive damages in appropriate circumstances.  Just as good faith is not a defense to civil contempt (*see McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)), good faith is not a defense to a § 362(k) claim.  *See Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1088 (3d Cir. 1992) (interpreting what was then numbered § 362(h)).  When the provision was re-numbered § 362(k) in 2005, it added a good faith defense in § 362(k)(2) with respect to the award of punitive damages when a creditor believed in good faith that § 362(h) applied to the debtor, thus making it even clearer that good faith is not otherwise a defense to a claim under the provision.

*Memorandum Decision re Cross-Motions for Summary Judgment*, at 20–21.

Here, REO knew that a bankruptcy petition had been filed and nevertheless deliberately proceeded with the foreclosure sale. Accordingly, as a matter of law, REO has willfully violated the automatic stay under § 362(k).  If Stancil proves that he owned the Property, then the issues of the amount of damages to be awarded and whether Stancil is entitled to punitive damages will be addressed at trial.

### VI. Annulment of the Automatic Stay

REO also seeks to have the automatic stay annulled.  This court previously explained that "[w]hile courts often look to a

combination of several . . . factors to determine if annulment is warranted, paramount among these factors is the creditor's knowledge of the debtor's bankruptcy filing." *Memorandum Decision re Cross-Motions for Summary Judgment*, at 10.   In this case, the creditors are Susan Friedman, as trustee under the deed of trust, and Greg Friedman, the noteholder.   The Friedmans admit that they knew about the bankruptcy petition filed by Gary Stancil and Delores Stancil before the foreclosure sale occurred. *Id.* at 12 n.5; *see also* Plaintiff's Ex. 4 ¶¶ 1–3.   Based on the Friedmans' willful violation of the automatic stay, this court concluded that the stay should not be annulled, explaining that:

> [E]ven if Gary Stancil's filing was in bad faith, the court will not sanction a willful violation of the automatic stay by annulling the stay. Any bad faith on Gary Stancil's part is outweighed by the mortgagee's knowing violation of the automatic stay.

*Memorandum Decision re Cross-Motions for Summary Judgment*, at 14.

REO also willfully violated the automatic stay.   REO has not presented a meritorious argument as to why the court should revisit its determination that the willful violation of the automatic stay precludes annulment of the automatic stay.

## VII. Conclusion

A genuine issue exists as to ownership of the Property. However, if Gary Stancil shows that he had an interest in the Property at the time of the foreclosure sale, then he will be entitled to summary judgment on his claim of willful violation of

the automatic stay as to National REO Auctions, Inc.   The issue

of whether Gary Stancil is entitled to punitive damages on that

claim, and the issue of the amount of damages to be awarded to

Gary Stancil would both be addressed at trial.   A separate order

follows.

                              [Signed and dated above.]

Copies to: All counsel of record.