The document below is hereby signed.

Signed: May 20, 2014



_S. Martin Teel Jr._ (signature)

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 11-00747 |
| GARY STANCIL, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| | ) | |
| GARY STANCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10006 |
| BRADLEY INVESTMENTS, LLC, *et* | ) | Not for publication in |
| *al.*, | ) | West's Bankruptcy Reporter. |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM DECISION AND ORDER REGARDING MOTION TO RECONSIDER</u>

This addresses the plaintiff's *Motion for Reconsideration of April 16 Order Denying Plaintiff's Motion to Compel Defendants to Accept the $250,000 Tender* (Dkt. No. 205) filed on April 25, 2014.  The *Motion for Reconsideration* will be denied for the following reasons.

I

The plaintiff, Gary Stancil, commenced two bankruptcy cases

in this court in 2011.  During the pendency of the first case,

Case No. 11-00465, 12th Street Real Estate, LLC, caused a

foreclosure sale to be held of property that Gary Stancil

contends was jointly owned by Gary Stancil and his mother,

Delores Stancil.  He contends that the foreclosure sale violated

the automatic stay of 11 U.S.C. § 362(a) that arose in that case.

That case was commenced also by Delores Stancil, but no automatic

stay arose as to her by reason of 11 U.S.C. § 362(b)(21).  After

Case No. 11-00465 was dismissed, Gary Stancil commenced a case

under Chapter 11 of the Bankruptcy Code, Case No. 11-00747.  As a

debtor in possession under 11 U.S.C. § 1101, he was entitled to

invoke a trustee's power to sue on causes of action belonging to

the estate.  *See* 11 U.S.C. §§ 323 and 1107(a).  Pursuant to that

authority, he filed the complaint commencing this adversary

proceeding in the new bankruptcy case.

The complaint asserted claims premised on the foreclosure

sale having allegedly violated the automatic stay of § 362(a) in

the earlier bankruptcy case.  Unless the foreclosure sale was

invalid, it divested Gary Stancil and Delores Stancil of any

title they had to the property.  In response to the complaint,

12th Street raised various defenses, including seeking to

establish that Gary Stancil and Delores Stancil had not been

owners of the Property.[1]

The parties then went to mediation.  On August 28, 2013,
Gary Stancil and 12th Street executed a written settlement
agreement.  Rufus Stancil executed the settlement agreement on
behalf of the estate of Delores Stancil, who had died.  This
court approved the settlement agreement by an order entered on
October 2, 2013.  The settlement agreement resolved the claims
Gary Stancil asserted regarding alleged violations of the
automatic stay as it provided that, except as provided in the
settlement agreement, "the Parties hereto release one another
from all claims relating to the Property, the above-referenced
Adversary Proceeding, or otherwise arising in Stancil's
bankruptcy case."  After the settlement agreement was approved,
the case was converted to chapter 7 on November 13, 2013.  Marc
Albert was appointed the chapter 7 trustee, succeeding to the
right to enforce the estate's rights under the settlement
agreement.

The settlement agreement contemplated that Gary Stancil
would be entitled to have title to the property vested in him if
he paid 12th Street $250,000 by January 31, 2014.  That did not

---

[1]  On May 9, 2013, 12th Street filed a *Motion to File
Amended Answer and Counterclaim* by which it sought leave to file
an amended answer and counterclaim alleging that neither Gary
Stancil, nor his now-deceased mother Delores Stancil, owned the
subject property as of June 17, 2011, when the foreclosure sale
occurred and when the Debtor and Delores Stancil filed their
joint Chapter 13 bankruptcy petition.

occur.   The settlement agreement provided that upon Gary Stancil

not timely making the $250,000 payment, "title to the Property

shall vest in 12th Street and Stancil and the Estate of Delores

Stancil shall relinquish any and all claim to any interest in the

Property."   The settlement agreement called for 12th Street to

pay $65,000 to Gary Stancil and the Estate of Delores Stancil if

Gary Stancil did not make the $250,000 payment to 12th Street.

Effectively, the claims for violation of the automatic stay were

released in exchange for the promised $65,000 payment.

Sometime prior to February 21, 2014, 12th Street made the

required payment of $65,000 to the chapter 7 trustee, who had

succeeded to Gary Stancil's rights under the settlement

agreement.   The settlement agreement had called for a $65,000

payment to Gary Stancil and the Estate of Delores Stancil, but

Delores Stancil had no claim for violation of the automatic stay

(the only claim Gary Stancil asserted in this adversary

proceeding) as no stay arose as to her when she filed the

petition in Case No. 11-00465 with Gary Stancil.   On February 21,

2014, the chapter 7 trustee filed a *Motion for Order Implementing

Court Approved Settlement* in the bankruptcy case, seeking an

order confirming that the Property was now vested in 12th Street.

On March 11, 2014, the court granted that *Motion* and entered a

*Memorandum Opinion and Order* in the bankruptcy case, ordering

"that this Court declares and establishes that title to the

Property be and hereby is vested in 12th Street Real Estate, LLC
pursuant to this Order, and the Deeds recorded September 30, 2011
as Instrument No. 2011099958 and Instrument No. 2011099959."
Gary Stancil did not take an appeal from the *Memorandum Opinion
and Order*, and the time to appeal has expired.[2]

Rufus Stancil had been designated by Delores Stancil's will
to be the personal representative of her decedent's estate.  The
Settlement agreement provided that "Rufus Stancil will open an
Estate for Delores Stancil within 60 days of this Agreement."
Eventually, a probate proceeding was commenced in the Superior
Court of the District of Columbia, and Rufus Stancil was
appointed the personal representative of the estate of Delores
Stancil, although well beyond 60 days after the execution of the
settlement agreement, and well beyond the January 31, 2014
deadline for Gary Stancil to make the $250,000 payment.

On February 18, 2014, Gary Stancil filed a *Motion to Compel
Defendants 12th St. [sic] Real Estate, LLC to Accept Tender of*

---

[2]   Gary Stancil similarly failed to oppose the entry of an
order directing the trustee to turn over to 12th Street rents
collected from the Property after execution of the settlement
agreement.  On April 16, 2014, the trustee filed a *Motion for an
Order Directing Trustee to Release Rent Payments in Accordance
with Court Approved Settlement* in the bankruptcy case, seeking an
order directing him to pay to 12th Street the rents he had or
might collect from the Property, consistent with a provision of
the settlement agreement that 12th Street would receive any rents
received in the future if Gary Stancil did not make the $250,000
payment.  Gary Stancil failed to oppose that motion, and it was
granted by an order entered on May 12, 2014.

*$250,000 in Performance of August 28, 2012 [sic] Settlement*

*Agreement* (Dkt. No. 193), noting that the estate of Delores

Stancil had been the source he contemplated would be used to make

the $250,000 payment, and the opening of a decedent's estate had

been delayed, thus making it impossible to make the $250,000

payment by the deadline of January 31, 2014.  Pursuant to the

court's oral ruling at the hearing held in the adversary

proceeding on April 15, 2014, the court issued an order on April

16, 2014 (Dkt. No. 202) denying that *Motion to Compel.*

II

Gary Stancil filed his *Motion for Reconsideration* on April

25, 2014, seeking to vacate the order denying the *Motion to*

*Compel.* The *Motion for Reconsideration* seeks an order directing

"that the Estate of Dolores Stancil shall have 30 days from the

date of this order to tender the $250,000 in compliance with the

settlement agreement," and noting that Rufus Stancil had not been

appointed the personal representative of the decedent's estate of

Delores Stancil until just recently.  In pertinent part, the

*Motion for Reconsideration* argues:

>     4.   The settlement agreement required that the
> estate of Dolores Stancil be created in the State court
> of the District of Columbia as a condition precedent to
> its operation.  The time of the essence clause included
> in its considerations required that the Estate of Dolores
> Stancil be opened in the state court or the land is
> situated.
>     5. District of Columbia laws are clear with regard
> to probate of the Estate of the decedent who is the owner
> of real property: That no title can pass without the

> Estate being created and in operation.  This mandate of
> law is not only to protect the heirs at law but to
> protect as well creditors of the decedent.
>       6.  As a matter of law the parties to the settlement
> agreement could not divest the decedent of her title to
> real property without the creation of the estate.
> Although the agreement was procured under federal
> statutes in a bankruptcy matter the state law with regard
> to property within the state governs.

In large part, the arguments are a rehash of the arguments

previously raised in the *Motion to Compel*, already rejected by

the court, and thus not the appropriate subject of a motion under

Fed. R. Civ. P. 59.  In any event, they fail on the merits.

A.

I reject the argument that the settlement agreement

"required that the estate of Dolores Stancil be created in the

State court of the District of Columbia as a condition precedent

to its operation" insofar as that concerns the right of Gary

Stancil to obtain title to the property by making the $250,000

payment.  That right was one for which time was expressly of the

essence, and the settlement agreement cannot be read as modifying

that right to be one to make the payment once the opening of a

decedent's estate proceeding had been accomplished as to the

estate of the late Delores Stancil.

B.

I reject the argument that the time of the essence clause

"included in its considerations required that the Estate of

Dolores Stancil be opened in the state court or [sic] the land is

situated." It is impossible to read that clause as dealing with
anything other than the payment of the $250,000 by January 31,
2014.

C.

Upon the court approving the settlement agreement between
Gary Stancil and 12th Street, that resolved his claim that the
foreclosure sale ought not be allowed to stand:

- if Gary Stancil paid $250,000 by January 31, 2014,
  title would vest in him despite the foreclosure sale;

- but if Gary Stancil did not timely make the $250,000
  payment, title would vest in 12th Street
  notwithstanding the alleged violations of the automatic
  stay.

Once Gary Stancil defaulted in making the $250,000 payment, title
remained vested in 12th Street pursuant to the foreclosure sale,
and the settlement agreement released 12th Street from Gary
Stancil's claims seeking to invalidate the foreclosure sale.

D.

The arguments that "no title can pass without the Estate [of
the decedent] being created and in operation" and that "the
parties to the settlement agreement could not divest the decedent
of her title to real property without the creation of the
[decedent's] estate [in the Superior Court"]" must be rejected
for three reasons.

First, the arguments disregard that the foreclosure sale was
held while Delores Stancil was still living.  She was bound, and
in turn her decedent's estate is bound, by the consequences of
that foreclosure sale.  If it was a valid sale, she no longer had
an interest in the property, nor does the decedent's estate, and
the power of the decedent's estate to pass title (that is, to
pass a title that does not exist) is irrelevant.  Gary Stancil
sued to invalidate the foreclosure sale based on alleged
violations of the automatic stay as to *his* interest in the
property.  He has released his claim that the automatic stay
voided the foreclosure sale.  As noted previously, Delores
Stancil signed the petition commencing Case No. 11-00465, but
pursuant to 11 U.S.C. § 362(b)(21), no automatic stay arose as to
*her* interest in the property.  Accordingly, her decedent's estate
cannot attempt to invalidate the sale based on a violation of the
automatic stay as to *her* interest in the property.[3]

Second, the arguments disregard that, regardless of whether
the settlement agreement is enforceable against the decedent's
estate of Delores Stancil, and regardless of whether that
decedent's estate might have some claim to invalidate the

---

[3]  Moreover, the settlement agreement provided that if Gary
Stancil caused 12th Street to be paid $250,000 by January 31,
2014, then title would vest in Gary Stancil, but not also in
Delores Stancil's estate.  Gary Stancil is not in the position to
argue rights of Delores Stancil's estate that did not exist under
the settlement agreement he reached with 12th Street.

foreclosure sale, the settlement agreement remains enforceable against Gary Stancil.  Gary Stancil's right to obtain title by making the $250,000 payment was lost when he failed to make the $250,000 payment by January 31, 2014, and he has released his claims seeking to set aside the foreclosure sale as violative of the automatic stay.

Third, Gary Stancil's motion does not seek to set aside the settlement agreement.  Instead, he seeks to have the court extend the time for him to make the $250,000 payment under the settlement agreement.  He cannot have his cake and eat it too: he cannot claim that the settlement agreement should remain enforceable (assuming the court extends the time for making the $250,000 payment) and yet assert that the settlement agreement is ineffective because the estate of Delores Stancil did not properly execute the settlement agreement.

III

In accordance with the foregoing, it is

ORDERED that the *Motion for Reconsideration of April 16 Order Denying Plaintiff's Motion to Compel Defendants to Accept the $250,000 Tender* (Dkt. No. 205) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.